Andrew P. Rundquist, SBN 262523
Law Office of Andrew P. Rundquist
501 W Broadway, Suite A144
San Diego, CA 92101
(619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Allan Avelar, Individually and
On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allan Avelar, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>AmerAssist A/R Solutions, Inc.; And Does 1-10, Inclusive<br><br>Defendants. | Case No.  **'22CV1102 RSH MSB**<br><br>**Plaintiff's Class Action Complaint**<br><br>**(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; and**<br><br>**(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, etc.**<br><br>**JURY TRIAL DEMANDED** |

Now COMES Plaintiff Allan Avelar, individually and on behalf of all others similarly situated, brings this Class Action Complaint, by and through Law Office of Andrew P. Rundquist, in its claim for damages against Defendant AmerAssist A/R Solutions, Inc. ("AmerAssist") and DOES 1-10, Inclusive for violations of **Fair Debt Collection Practices Act** (15 U.S.C. § 1692) and **Rosenthal Fair Debt Collection Practices Act** (Civ. Code §§ 1788.17, 1788.30).

# I.    INTRODUCTION

1.    This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code S 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

2.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

Abusive practices.  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1)  The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2)  There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b)     It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4.      Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.      Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.      Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## II.    JURISDICTION

8.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims,

if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

9.      This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq.

### III.    VENUE

10.      Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.    PARTIES

**<u>Plaintiff Allan Avelar</u>**

11.      Plaintiff Allan Avelar  is a natural person residing in San Diego County, California from whom a debt collector AmerAssist sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "consumer" as that term is defined by 15 U.S.C. § 1692 (a)(3) and Cal. Civ. Code § 1785.3(b), a "debtor" within the meaning of Cal. Civil Code § 17488.2(AmerAssist), and a "person" as defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

**<u>Defendant AmerAssist A/R Solutions, Inc.</u>**

12.      Plaintiff is informed and believes Defendant AmerAssist A/R Solutions, Inc. ("AmerAssist") is and was at all relevant times a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4

13.     Defendant AmerAssist, in the ordinary course of business, regularly, and on behalf of himself engages in debt collection as defined by Ca. Civ. Code § 1788.2(b) and is therefore a debt collector as defined by Ca. Civ. Code § 1788.2(c).

14.     Defendant alleged Plaintiff owed creditor Mission Valley Dentists money without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d).

15.     Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes without payment being required at the time of services, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

16.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17.     Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the

meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).   Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendant.

18.     Each reference herein to "Defendant," refers to each of the DOE Defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named Defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V.  FACTUAL ALLEGATIONS

**A.     Defendant Violated the FDCPA and RFDCPA in its Illegal Debt Collection Efforts to Hold Plaintiff Personally Responsible for Non-Existent Debt**

19.     California law requires an employer to furnish all treatment reasonably required to cure or relieve from the effects of an industrial injury and thus the injured worker is not liable for medical bills associated with an industrial injury. California Labor Code § 4600(a) *Bell v. Samaritan Medical Clinic, Inc.* (1976) 60 CA3d 486.

20.     Within one working day after an employee files the appropriate claim form or the employer obtains knowledge of an injury from any source, the employer is compelled to provide and remain responsible for the medical treatment for the injury until the date that liability for the claim is accepted or rejected. Labor Code § 5401.

21.     Plaintiff's accepted injuries regarding his December 27, 2018 date of injury involving employer TJX Companies/Homegoods with Worker Compensation Claims Administrator Zurich and since February 27, 2019, California Workers' Compensation Board (WCAB) case # ADJ11974483, involving below accepted body parts:

     **-Head**

**-Face**
**-Neck**
**-Arm**
**-Back, including back muscles, spine & spinal cord;**
**-Shoulders, including scapula and clavicle; and**
**-Nervous system**

22.    Plaintiff's accepted injuries regarding his Cumulative Trauma injury dated October 5th, 2019 through October 5th, 2020 involving employer TJX Companies/Homegoods with Worker Compensation Claims Administrator Zurich and since June 10th, 2021, California Workers' Compensation Board (WCAB) case # ADJ14753840, involving below accepted body parts:

**-Hand**

23.    At all times, Plaintiff's work-related injuries and medical treatment to alleviate injuries have been accepted by his employer's worker compensation carrier Zurich, including those rendered by creditor Mission Valley Dentists.

24.    In late 2020, Plaintiff underwent surgery to treat his work-related injuries and creditor Mission Valley Dentists rendered said services to treat and alleviate Plaintiff's work-related injuries, as detailed ¶¶ **21-23** and is alleged to have incurred a financial obligation to Mission Valley Dentists ("Medical Provider" or "Creditor") for $3,255.00.

25.    Plaintiff generally denies any debt is owed. The purported debt to Mission Valley Dentists was primarily for personal, family, or household purposes and is therefore a "consumer debt" as defined by California Civil Code § 1788.2(f), as incorporated by California Civil Code § 1788.50(c).

26.    Prior to creditor Mission Valley Dentists providing Plaintiff with medical services, it received actual notice the medical services it was going to render were to alleviate Plaintiff's work-related injuries and that all bills and attempts for payment and

reimbursement relating to said services, must be sent to Plaintiff's worker compensation carrier Mission Valley Dentists and that Defendant knew about and was aware all billings for services should be handled pursuant to the Worker's Compensation Act.

27.    At no time has Plaintiff's employer nor employer's worker compensation carrier Zurich denied any of the medical services rendered to treat and alleviate Plaintiff's work-related injuries, including the services relevant to the alleged debt Defendant was attempting to collect.

28.    At no time has Plaintiff received notification any of the medical services rendered to treat and alleviate his work-related injuries have been denied by either his employer or his employer's worker compensation carrier Zurich, including the services relevant to the alleged debt Defendant was attempting to collect.

29.    Upon information and belief, Defendant AmerAssist was retained as an agent to collect on behalf of Mission Valley Dentists, and was not sold the rights to the account. As an agent of creditor Mission Valley Dentists, Defendant AmerAssist has always been acting on behalf of, at the direction of, and in association with the Mission Valley Dentists.

30.    Furthermore, Mission Valley Dentists notified  AmerAssist the medical services it rendered to Plaintiff was to treat and alleviate Plaintiff's work-related injury and was aware that all billings for services should be handled pursuant to the Worker's Compensation Act.

31.    Creditor Mission Valley Dentists engaged Defendant  AmerAssist to send the immediate demands for payment as detailed below in its attempts to hold Plaintiff personally responsible, despite both Mission Valley Dentists and AmerAssist having notice the services rendered was to treat and alleviate Plaintiff's work-related injury.

32.    Despite both medical provider Mission Valley Dentists and Defendant having actual notice the medical services provided  to Plaintiff was to treat his work-related injury, Defendant barraged Plaintiff with a campaign of additional demands for

payments, threats demanding payment, threatening Plaintiff with additional collection activity and submitting negative information to credit report agencies.

**B.      Defendant's Campaign of Illegal Debt Collection Efforts**

33.     On or about July 29, 2021 Defendant dispatched to Plaintiff a demand for immediate payment of $3,255.00 on behalf of creditor Mission Valley Dentists.

34.     Defendant's July 29, 2021 demand for immediate payment of $3,255.00 concerned a financial obligation alleged to be owed by Plaintiff and is a "consumer debt" as defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35.     Defendant's July 29, 2021 demand for immediate payment of $3,255.00 is a communication as defined by 15 U.S.C. § 1692a as incorporated into the RFDCPA per Ca. Civ. Code §1788.17.

36.     Defendant's July 29, 2021 demand for immediate payment of $3,255.00 is the initial communication between debt collector Defendant AmerAssist and Plaintiff.

37.     Defendant's July 29, 2021 demand for immediate payment of $3,255.00 is the only communication Defendant AmerAssist sent to Plaintiff within 5 days of the initial communication.

38.     Defendant's July 29, 2021 demand for payment stated:

**Current Balance: $3,255.00**

and informed Plaintiff

**We understand having an outstanding balance can be overwhelming and we want to assist you in resolving your Mission Valley Dentists account.**

39.     Defendant also notified Plaintiff that unless he made immediate payment of $3255.00, negative information on his credit report would be submitted to credit reporting agencies.

40.     Furthermore, Defendant's July 29, 2021 demand for immediate payment of $3,255.00 notified Plaintiff:

**This communication is from a debt collector. This is an attempt to collect a debt.**

41.     In August 20221, Plaintiff was shocked in receiving notification that Defendant AmerAssist was reporting a debt of $3255.00, despite creditor Mission Valley Dentists and Defendant having full knowledge the underlying medical services were authorized to alleviate Plaintiff's industrial injury, for which Plaintiff is not responsible.

42.     The inaccurate information furnished and reported by Defendant AmerAssist negatively reflects upon Plaintiff, Plaintiff's credit history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

43.     As a result of Defendant AmerAssist's improper conduct, Plaintiff has suffered damages, including actual damages in the form of worry, stress, lost time, spent energy and decreased credit score.

**C.     Defendant AmerAssist Violated the FDCPA in its Illegal Debt Collection Efforts to Hold Plaintiff Personally Responsible for Non-Existent Debt**

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

46.     Despite its statements ¶¶ 33-43, Defendant was barred from demanding payment from Plaintiff because the underlying medical services were rendered to alleviate and treat Plaintiff's industrial and work-related injuries, for which Plaintiff is not responsible per California law.

47.     Despite its statements ¶¶ 33-43, Defendant was barred from threatening to subject Plaintiff to additional illegal collection activity including reporting adverse information to consumer credit reporting agencies because the underlying medical services were rendered to alleviate and treat Plaintiff's industrial and work-related

injuries, for which Plaintiff is not responsible per California law.

48.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692e, which prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692e(2)(A), which prohibits falsely representing the character, amount, or legal status of any debt.

51.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

52.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692e(8), by threatening to report false credit information and by failing to communicate that the debt was disputed.

53.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54.    Through its conduct, Defendant AmerAssist violated 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

55.    Plaintiff was misled and confused by Defendant's statements  ¶¶33-43.

56.    The unsophisticated consumer would be misled and confused by Defendant's statements  ¶¶33-43.

57.    Plaintiff had to spend time and money investigating ¶¶33-43, and

consequences of any potential responses to Defendant.

**D.    Defendant Violated the RFDCPA in its Illegal Debt Collection Efforts to Hold Plaintiff Personally Responsible for Non-Existent Debt**

58.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

i.    <u>Defendant violated Civ. Code § 1788.17 and is Subject to the Remedies in 15 U.S.C. § 1692k.</u>

59.    Section 1788.17 of the Rosenthal Act was added to harmonize state and federal law by applying federal debt collection standards and remedies to all parties defined as debt collectors under California law. *Timlick v. Natl. Enterprise Systems, Inc.* (2019) 35 Cal.App.5th 674, 687-688.  Defendant, as debt collector under California law, thus had a duty at all times to comply with the requirements of 15 U.S.C. §§ 1692b – 1692j and are subject to the remedies described in § 1692k. *Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 295; Civ. Code § 1788.17.

60.    Defendant, by holding Plaintiff personally responsible for medical services rendered to alleviate her industrial injury acted with unfairness, oppression, and abuse towards Plaintiff and therefore violated 15 U.S.C. §§ 1692d & 1692f and 1692f(1) of the FDCPA; therefore, Defendant violated Calif. Civil Code § 1788.17.

61.    Defendant, by attempting to collect from Plaintiff directly for a debt that is limited to protections ensured by Worker's Compensation Act, acted with false, deceptive, and misleading representations about the nature and status of the debt and therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) 1692e(8) & 1692e(10) of the FDCPA; therefore, Defendant violated Calif. Civil Code § 1788.17.

62.    Defendant threatened to subject Plaintiff to additional collection activity, and threatened to report Plaintiff's past due account to credit reporting agencies.  Yet, the medical services rendered to Plaintiff were incurred to alleviate her industrial injury

and recourse for payment limited to his employer. Defendant thus violated 15 U.S.C. § 1692e(8) by threatening to report false credit information and by failing to communicate that the debt was disputed.

63.    Plaintiff was misled and confused by Defendant's statements ¶¶33-43.

64.    The unsophisticated consumer would be misled and confused by Defendant's statements ¶¶33-43.

65.    Plaintiff had to spend time and money investigating ¶¶33-43, and consequences of any potential responses to Defendant.

ii.    <u>Defendant Violated Civ. Code § 1788.30</u>.

66.    Defendant violated Cal. Civ. Code § 1788.10(f):

No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:

(f)    The threat to take any action against the debtor which is prohibited by this title.

67.    Defendants violated Cal. Civ. Code § 1788.13:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(e)    The false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation;

(f)    The false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.

(k)    The false representation that a consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection.

68.     Plaintiff was misled and confused by Defendant's statements  ¶¶33-43.

69.     The unsophisticated consumer would be misled and confused by Defendant's statements  ¶¶33-43.

70.     Plaintiff had to spend time and money investigating ¶¶33-43, and consequences of any potential responses to Defendant.

71.     Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

72.     Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.17*.

**E.      Defendant Violated the FDCPA and RFDCPA Because it Failed to Provide Plaintiff With Mandatory Disclosures Within 5 Days of its Initial Communication**

73.     The purpose of 15 U.S.C. § 1692g is to ensure consumers are made aware of their rights with respect to debt collection activities; 15 USC  § 1692g mandates:

(a) Notice of debt;

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74.    The FDCPA unambiguously requires any debt collector---first or second---to send §1692g(a) validation notice within five days of its initial communication with a consumer in connection with the collection of any debt, unless the required information is contained within the initial communication. *Hernandez v. Williams, Zinman & Parham, PC* 829 F.3d 1068 (9th Cir. 2016).

75.    Defendant AmerAssist's July 29, 2021 demand for immediate payment of $3,255.00 is a communication as defined in §1692(a) of the FDCPA.

76.    Defendant AmerAssist's July 29, 2021 demand for immediate payment of $3,255.00 is in connection with an attempt to collect the alleged debt.

77.    Defendant AmerAssist's July 29, 2021 demand for immediate payment of $3,255.00 is the initial communication between debt collector Defendant AmerAssist and Plaintiff.

78.    Defendant AmerAssist's July 29, 2021 demand for immediate payment of $3,255.00 is the only communication Defendant AmerAssist sent to Plaintiff within 5 days of the initial communication.

79.    Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692g(a)(3): Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

80.    Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692g(a)(4):  Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

81.    Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692g(a)(5):  Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

82.    Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692e: Prohibits use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

83.    Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692e(2)(A): Prohibits falsely representing the character, amount, or legal status of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

84.     Because Defendant's July 29, 2021 demand for immediate payment of $3,255.00 did not contain the requisite FDCPA disclosures, Defendant violated:

15 U.S.C. § 1692e(10):    Prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

85.     Defendant, as a matter of pattern and practice, send initial written demands to alleged consumer debtors that are substantially similar or materially identical to the July 29, 2021 demand for immediate payment of $3,255.00, which failed to notify Plaintiff that unless within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

86.     Defendant, as a matter of pattern and practice, send initial written demands to alleged consumer debtors that are substantially similar or materially identical to the July 29, 2021 demand for immediate payment of $3,255.00, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to obtain verification of the debt and mail such verification to Plaintiff, Plaintiff must dispute the debt, or any portion thereof, in writing.

87.     Defendant, as a matter of pattern and practice, send initial written demands to alleged consumer debtors that are substantially similar or materially identical to the July 29, 2021 demand for immediate payment of $3,255.00, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to provide the name and address

of the original creditor, if different from the current creditor, Plaintiff must request the same in writing.

## VI. PLAINTIFF'S DAMAGES AND ENTITLEMENT TO TREBLE DAMAGES PER CIVIL CODE § 3345

88.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

89.     Due to Defendant's abusive actions, Plaintiff suffered a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nervousness, change in appetite and exacerbating of pre-existing medical conditions, including those relating to Plaintiff's industrial injuries and decreased credit score.

90.     Per Civ. Code § 3345(b), Plaintiff is entitled to three times greater than the penalty authorized by the statute if the statute is in the nature of a penalty. *Clark v. Super. Ct.* (2010) 50 Cal.4th 605, 609.

91.     The statutory damages authorized by 15 U.S.C. § 1692k(a)(2)(A) are in the nature of a penalty.

92.     The statutory damages authorized by Civ. Code §§ 1788.17, 1788.30(b) are in the nature of a penalty. "[T]he Rosenthal Act provides for . . . penalties against debt collectors for willful and knowing violations. . . ." *Timlick v. Natl. Enterprise Sys., Inc.* (2019) 35 Cal.App.5th 674, 680-681.

93.     At all relevant times, Plaintiff was a disabled person as defined by Civ. Code § 1761(g) in that Plaintiff had a physical impairment that substantially limited one or more major life activities, as Plaintiff's injuries include:

**-Head**
**-Face**
**-Neck**
**-Arm**
**-Back, including back muscles, spine & spinal cord;**
**-Shoulders, including scapula and clavicle;**

**-Nervous system; and**
**-Hand**

94.    "Major life activities" are to be construed broadly and especially include those life activities that affect employability or otherwise present a barrier to employment or advancement. 2 CCR § 11065(l).

95.    Plaintiff's physiological condition impacted his physical activities to the extent it affects his employability or otherwise presents a barrier to his continued employment.

96.    At all relevant times, Defendant was aware of Plaintiff's disabled condition and while aware Plaintiff remains disabled and unable to work, Defendant persisted in targeting Plaintiff with its unfair and deceptive debt collection practices.

## VII.  CLASS ACTION ALLEGATIONS

97.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

98.    Plaintiff brings this action on behalf of himself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

99.    Plaintiff defines **Class 1** as:

(i) all persons with addresses within the United States;

(ii) wherein Defendant failed to provide disclosures mandated by 15 § USC 1692g evidenced by initial communication of Defendant's July 29th, 2021 demand for immediate payment of $3255.00;

(iii) to recover a consumer debt;

(iv) and which were not returned undelivered by the United States Postal Service.

For purposes of the First Claim for Relief, the class period is one year prior to the filing of this Complaint.

100.   Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

101.   Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

102.   **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendant.

103.   **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

      a)     Whether Defendant's conduct violated the FDCPA;

      b)     Whether Defendant's conduct violated the RFDCPA;

      c)     Whether members of the Classes are entitled to the remedies under the FDCPA;

      d)     Whether members of the Classes are entitled to the remedies under the RFDCPA;

      e)     Whether members of the Classes are entitled to injunctive relief;

f) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

g) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

h) Whether Defendant can satisfy the bona fide error affirmative defense.

i) Whether members of the Classes are entitled to declaratory relief;

104. **Typicality**. Plaintiff's claims are typical of the claims of the class. She was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

105. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) his interests do not conflict with the interests of the individual Class members he seeks to represent; (b) he has retained counsel who is competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

106. **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendant's unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

107.   This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

108.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation. Many Class Members' individual claims are too small to practically permit pursuit on an individual basis, even though the Class Members' rights have been violated by Defendant's practices. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendant's practices.

109.   The Class is ascertainable because its members can be determined from Defendant's business records and/or the above definition of Class is sufficient to enable Class Members to identify themselves as Class Members.

## VIII.  CLAIMS

### Count I: Fair Debt Collection Practices Act
### Asserted Against AmerAssist A/R Solutions, Inc.

110.   Plaintiff brings the first claim for relief against Defendant  AmerAssist A/R Solutions, Inc. under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

111.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

113.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

114.   The financial obligation alleged to be owed by each Plaintiff is a "debt"

as that term is defined by 15 U.S.C. § 1692a(5).

115.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

116.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Count II: Rosenthal Fair Debt Collection Practices Act
### Asserted Against AmerAssist A/R Solutions, Inc.

117.   Plaintiffs brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§1788-1788.33.

118.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

120.   Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civil Code §§ 1788.2(AmerAssist).

121.   Defendant is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

122.   The financial obligation alleged to be owed by each Plaintiff is a "consumer debt" as defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

123.   As a result of each and every violation of the Rosenthal Act, each Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

## Count I: Fair Debt Collection Practices Act

• This action be certified as a class action on behalf of the Classes as requested herein;

• That Plaintiff be appointed as representative of the Classes;

• That Plaintiff's counsel be appointed as counsel for the Classes;

• An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;

• An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member, to be trebled per Civil Code § 3345;

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

## Count II: Rosenthal Fair Debt Collection Practices Act

• This action be certified as a class action on behalf of the Classes as requested herein;

• That Plaintiff be appointed as representative of the Classes;

• That Plaintiff's counsel be appointed as counsel for the Classes;

• An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

• An award of statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member; to be trebled per Civil Code § 3345;

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

• Any and all other relief that this Court deems just and proper.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**Law Office of Andrew P. Rundquist**

Dated: July 27, 2022            By:    /s/ Andrew P. Rundquist
                                       Andrew P. Rundquist SBN 262523
                                       Attorney for Plaintiff Allan Avelar